IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DANIEL GARCED and TARA GARCED, | * |
| Plaintiffs, | * |
| vs. | * |
| | CASE NO. 3:24-cv-86 (CDL) |
| STATE FARM FIRE AND CASUALTY COMPANY, | * |
| | * |
| Defendant. | * |

O R D E R

Plaintiffs Daniel and Tara Garced filed this action in the Superior Court of Clarke County, Georgia, seeking a declaratory judgment under Georgia law that certain damage to their property is covered under their insurance policy with Defendant State Farm Fire and Casualty Company. State Farm removed the action to this Court based on diversity of citizenship jurisdiction. Neither the complaint nor the notice of removal established that the amount in controversy exceeds $75,000, so the Court ordered State Farm to show cause why this action should not be remanded for lack of subject matter jurisdiction. Text Order, ECF No. 14. State Farm responded to the show cause order but did not establish that the amount in controversy exceeds $75,000. Accordingly, the Court finds that it does not have subject matter jurisdiction over this action and therefore remands it to the Superior Court of Clarke County.

DISCUSSION

Although Plaintiffs did not file a motion to remand, the Court has an independent obligation to determine whether it has subject matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Subject matter jurisdiction exists under 28 U.S.C. § 1332 if the action (1) is between citizens of different states and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs. Here, diversity of citizenship exists. The only remaining question is whether the amount in controversy exceeds $75,000.

As the removing party, State Farm "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). Although a court may use "deduction, inference, or other extrapolation" to determine the amount in controversy, "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010) (alteration in original) (quoting *Lowery*, 483 F.3d at 1215).

In their Complaint, Plaintiffs allege they were issued a home insurance policy by State Farm. That policy provides coverage for

the Plaintiffs' dwelling and personal property for values of up to $916,000 and $687,000, respectively. Plaintiffs further allege that their property was damaged when a water leak "pour[ed] into their garage," Compl. ¶ 4, ECF No. 1-1, that they filed a claim with State Farm under the policy to recover the monetary amount they spent to repair damage caused by the leak, and that State Farm denied the claim "based on various frivolous and unrelated exclusions." *Id.* ¶ 11.  Although the Complaint is silent as to the amount of monetary damages Plaintiffs incurred, State Farm avers that Plaintiffs submitted repair invoices totaling $23,950.80 and that Plaintiffs "may" have additional damages they intend to submit to State Farm at some future time.  Def.'s Resp. to Show Cause Order ¶ 5, ECF No. 15.  State Farm also contends that Plaintiffs "may" be seeking a bad faith penalty and attorney's fees pursuant to O.C.G.A. § 33-4-6.[1]  *Id.* ¶ 6.  The maximum penalty allowed by that statute is 50% of the contractual liability owed by an insurer which, when added to the amount disclosed in the repair invoices, totals $35,926.20.

"When a plaintiff seeks . . . declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."  *McKinnon Motors,*

---

[1] Although the "general rule is that attorneys' fees do not count towards the amount in controversy," they may be allowed when provided for "by statute."  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003).

3

*LLC*, 329 F.3d at 807 (quoting *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). "Stated another way, the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014) (alteration in original) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000)). Here, Plaintiffs seek a declaration that State Farm is obligated under the policy to reimburse Plaintiffs for the cost to repair their property. If that relief were granted, the monetary value of the benefit that would flow to Plaintiffs is the dollar amount of that reimbursement. According to State Farm, Plaintiffs seek reimbursement for repairs totaling $23,950.80.

Although Plaintiffs seek a definite sum of insurance benefits in an amount far less than the policy's coverage limits, State Farm contends that the policy's coverage limits should count towards the amount in controversy. But State Farm does not assert that Plaintiffs made a demand for the policy coverage limits. Moreover, State Farm did not point to any authority establishing that the policy coverage limits should be considered in determining the amount in controversy where the claimants' demand is far below the policy coverage limits. *Cf. Progressive Mountain Ins. Co. v. Middlebrooks,* 805 F. App'x 731, 737 (11th Cir. 2020) (per curiam) (noting that the "*maximum* liability coverage in the underlying

4

policies says nothing about what potential claimants would actually seek" in an action regarding a covered loss).  The coverage limits are therefore irrelevant.

State Farm did not otherwise demonstrate by a preponderance of the evidence that any additional relief Plaintiffs seek will extend the value of their claim beyond $75,000.  The Court may not consider any damages Plaintiffs' might submit to State Farm after removal.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later.").  And even if the Court were convinced that Plaintiffs are seeking a bad faith penalty and attorney's fees under O.C.G.A. § 33-4-6, it would be impermissible speculation to conclude that the sum of an unspecified amount of attorney's fees, when added to the combined $35,926.20 in repairs and maximum bad faith penalty, exceeds $75,000.[2]  Accordingly, State Farm did not satisfy its burden to prove that the amount in controversy exceeds $75,000, and the Court does not have subject matter jurisdiction over this action.

---

[2] Plaintiffs did not expressly invoke O.C.G.A. § 33-4-6 in their complaint, and they did not explicitly allege a bad faith refusal to pay their claim.  Plaintiffs do seek "all legal costs and expenses incurred by Plaintiffs for the prosecution of the within Declaratory Judgment action." Compl. ¶ d.

CONCLUSION

Because the amount in controversy in this action does not exceed $75,000, the Court does not have subject matter jurisdiction. The Clerk is therefore directed to remand this action to the Superior Court of Clarke County, Georgia. State Farm's pending motions (ECF Nos. 7 & 9) shall be terminated.

IT IS SO ORDERED, this 5th day of February, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
